■ In the Matter of the Claim of ERIC M. EZER, Appellant. NEW YORK CITY DEPARTMENT OF GENERAL SERVICES et al., Respondents; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [642 NYS2d 373] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 16, 1994, which, upon reconsideration, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant, an attorney, worked as a project manager for a municipal agency. After his position was eliminated, he was reassigned to work as a senior lease negotiator at the same salary. However, instead of reporting to his new assignment, he resigned from his position. Although an Administrative Law Judge initially determined that claimant was eligible for unemployment insurance benefits, the Board subsequently reversed this decision, finding, *inter alia*, that claimant was disqualified from receiving benefits because he voluntarily left his employment without good cause. Claimant challenges the Board's decision arguing, *inter alia*, that the Board lacked jurisdiction to consider this matter and that its decision is not supported by substantial evidence. For the reasons which follow, we find these contentions to be without merit.

Initially, claimant contends that the Board lacked jurisdiction to consider this matter because the employer failed to contest the October 1991 initial determination, which found claimant eligible to receive benefits, within 30 days as required

by Labor Law § 620 (2). However, inasmuch as the employer sought review of this initial determination pursuant to Labor Law § 597 (3), and not a formal administrative hearing, we find that Labor Law § 620 (2) is inapplicable. Consequently, the Board was not without jurisdiction to consider this matter.

Turning to the merits, claimant testified at the hearing that he did not wish to take the position as senior lease negotiator because it required field visits to dangerous neighborhoods, his salary would have been less than other senior lease negotiators and he felt he was being transferred illegally. He admitted, however, that he would have taken the new position had he been offered a higher salary. In view of the reasons for claimant's resignation, we find that substantial evidence supports the Board's decision that claimant voluntarily left his employment without good cause. We have considered claimant's remaining arguments and find them to be lacking in merit.

Cardona, P. J., Mikoll, Mercure, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.